## THE STATE OF MARYLAND *vs.* GEO. A. WILLIAMS.

This court cannot revise a point or question not appearing by the record to have been decided in the court below.

The practice of quashing indictments after the jury is sworn obtains in most of the courts of this State.

Where the indictment is bad and no valid judgment of guilty can be entered upon the finding of the jury, it is a mistrial and not such a trial as to preclude another.

ERROR to the Circuit Court for Charles county.

The defendant in error was indicted for the forgery of a constable's bond, and pleaded *non cul.* After the jury was sworn the State's attorney moved to quash the indictment, which the court, (CRAIN, J.,) refused to do, and the traverser was acquitted. The case was brought up by writ of error, sued out by the State.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*Robert S. Reeder,* State's attorney for Charles county, filed a written argument in behalf of the State. On the bond was the following endorsement: "Approved by the commissioners of Charles Co., this 8th day of July 1851.—Test, *James McCormac,* clerk." In the progress of the trial the defendant's counsel raised the objection that it was not averred in the indictment that this approval was on the bond, and the court sustained the objection and gave its ruling to that effect, whereupon the verdict was rendered for the prisoner. After the above ruling, and while the trial was in progress, the prosecution moved to quash the indictment, so as to have a new one found, but this motion was overruled by the court. Two questions are presented:—1st. Whether the State had the right to quash, and whether the court did not err in refusing to do so? and 2nd. Whether the court did not err in sustaining the objection taken by the defendant's counsel?

1st. The State had a right to quash at any time before final verdict. It is a sovereign remedy of which it cannot be deprived, and indispensable to the administration of criminal justice. *Archbold's Criminal Pleading and Evidence,* 79, 80. *Wharton's Criminal Law,* 132. *Roscoe's Criminal Evidence,* 233. *Tidd's Practice,* 818. These authorities all show, that the application to quash may be made on the part of the prosecution at any time before the defendant has been actually tried.

2nd. The endorsement of approval is on the original bond, which was subject to the inspection of the grand jury, filed with the indictment, subject to the inspection of the court below, the counsel and the jury, and was a part of the record in the case, and ought to be equally subject to the inspection of this court. Anything occurring in the proceeding or execution of a suit may be reviewed upon writ of error. *Evans' Pr.,* 424, 428. *Williams' Saunders,* 100, 101, *note a. Tidd's Practice,* 1134, 1142. The language of the writ is broad enough to comprehend the bond, and it is proper that it should be brought into this court for inspection and comparison.

3rd. It was not necessary to aver that there was an endorsement of approval. The offence is consummated by the false making of the instrument with intent to defraud without any uttering. *Wharton's Criminal Law,* 335. It was unnecessary to aver that the bond was approved. *Wharton's Criminal Law,* 346. *Chitty's Criminal Law,* 1037, 1040.

4th. This is an official bond, and it is important that the law should be settled. 5 *H. & J.,* 330, *State vs. Buchanan.* If the indictment was good without averring the endorsement, the court was right in overruling the motion to quash, but if the indictment was defective in not averring the approval, the court ought to have quashed it, so as to have had a new one.

No counsel appeared for the defendant in error.

TUCK, J., delivered the opinion of this court.

This is an indictment against the defendant in error for forging a constable's bond. It appears that after the jury

had been sworn, and the party was upon trial on the plea of not guilty, the State's attorney entered a motion to quash the indictment, which was overruled, and the party acquitted.

The record does not disclose any ground for the motion, or reason for the action of the court. We are informed, however, in the written argument of the State's attorney, that the court had decided, on a prayer by the counsel for the prisoner, that he was entitled to a verdict of acquittal, because the indictment did not set out the endorsement on the bond of its acceptance by the county commissioners, and that the State sought to obviate this difficulty by quashing the indictment, and having another found by the grand jury.

It is obviously incompetent for this court to revise a point or question not appearing by the record to have been decided in the court below. All that we can know, judicially, is that the court refused to quash the indictment. We do not know, nor can we assume, that there was any endorsement of approval on the bond. The copy of the bond in the record, which was sent down with the indictment, is not part of the indictment. It is usual to file the instrument alleged to have been forged, to be used as evidence at the trial, but not to be relied on as if set out in the indictment as a part thereof. We do not decide in the present case whether it was necessary to have set out the endorsement, even assuming that there was one.

As to the practice of quashing indictments, after the jury is sworn, we may remark that it obtains in most of the courts of the State. If the indictment be good the court will overrule the motion, and proceed with the trial; if bad, there is no reason for consuming time when the verdict would be set aside on a motion in arrest of judgment. Where the indictment is bad and no valid judgment of guilty can be entered upon the finding of the jury, the authorities show that it is not such a trial as to preclude another, it being what the law terms a mistrial. *Sutton vs. State,* 4 *Gill,* 494. The reason for such practice is recognised in the case of *Bruce vs. Cook,* 6 *G. & J.,* 345.

*Judgment affirmed.*