(Decided June 18th, 1895.)

---

# WILLIAM STEARNS vs. THE STATE OF MARY-LAND.

*Criminal Pleading—Duplicity—Charging Offence Disjunctively—Negativing Exception in Statute.*

The Act of 1894, ch. 232, making it unlawful to gamble or make pools on the result of any horse race, etc., contained an exception providing that it should not be unlawful to make a pool or bet within the grounds of any agricultural association upon a race held within the same on the same day. A criminal information against the defendant charged that he made pools, etc., in this State on the result of a race at Sheepshead Bay in the State of New York. *Held,* That such averment sufficiently negatived the exception in the statute.

The said Act provided that it should be unlawful for any person to gamble or make books and pools on the result of any trotting race *or* running race of horses, or race of any kind, or to keep or use or knowingly suffer to be used any house for the purpose of making or selling any book or pool, or otherwise betting upon the result of any trotting race *or* running race. The information against the defendant charged that he unlawfully made books and pools on the result of a trotting race *or* running race of horses on a certain race track ; that he unlawfully kept a house for the purpose of making or selling pools on the result of a certain trotting *or* running race ; that he used a house for said purposes, etc. Upon demurrer, *Held,* that the information was bad for duplicity, in that it charged the alleged offence disjunctively or in the alternative.

Appeal and writ of error from the Circuit Court for Anne Arundel County. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, ROBERTS and BOYD, JJ.

*Robert Moss* and *Daniel R. Magruder*, for the appellant.

The information contains five counts.    None of the counts negative the exception contained in the enacting portion of the Act, and this omission is fatal to the information.    See *State* v. *Nutwell*, 1 Gill, 54; *State ats. Bode*, 7 Gill, 330; *Rawlings* v. *State*, 2 Md. 211; *Barber* v. *State*, 50 Md. 167. It is not alleged in any of the counts that a race was actually run.    2 *Humphrey's Tenn.*, page 424.

Under the information as drawn, it was impossible for the traverser to know for what offense he was called upon to make defense.    In each count it is alleged disjunctively that the race upon which the pool was sold, book made, betting or gambling done was a *trotting race or running race* without alleging either.    *Wharton's Criminal Pleading and Practice*, 9th edition, page 112, and cases there cited; *Bishop's Criminal Pleadings*, vol. 1, page 352; *State* v. *Nutwell*, 1 Gill, page 42; *Capritz* v. *State*, 1 Md. 573; *Spielmon* v. *State* 27 Md. 523.    The first, third and fifth counts do not even allege the kind of race run or the animals that participated.

*John Prentiss Poe, Attorney-General*, for the appellee.

The information is not defective because it failed specifically to allege whether the race was a "trotting race or a running race."    Such particularity ought not to be required. For the purposes of the statute, it is wholly immaterial whether the race was a "trotting race or a running race." The essence of the offence charged, is that the appellant did gamble on the result of a horse race at Sheep's Head Bay; that he did bet on the result of such race; that he did make and sell books and pools on the result of a horse race; that he did keep a house for the purpose of making or selling therein, books or pools, or betting therein, on the result of horse racing; that he did use a house for such purpoes, and that he did knowingly suffer a house to be used for

such purpose. All these distinct acts are charged against him in the five counts of the criminal information. All of them are admitted by the demurrer, and certainly it would seem like sticking in the bark to hold that the information is defective, because it does not distinctly allege whether the race upon which the bets were made, was a "trotting race or a running race." It was a horse race, and whether one or the other, the statute equally applies, for it is to be observed that the language of the Act is, "*any trotting race or running race of horses or race of any kind.*"

BRISCOE, J., delivered the opinion of the Court.

The appellant was tried and convicted in the Circuit Court for Anne Arundel County under a criminal information filed by the State's Attorney for that county for unlawfully gambling, contrary to the Act of 1894, chapter 232. The information contains five counts. The first charges the appellant with unlawfully gambling on the result of a certain trotting race or running race on the Sheepshead Bay race track, in the State of New York; second, with unlawfully making books and pools on the result of a certain trotting race or running race of horses on the same race track; third, with unlawfully keeping in Anne Arundel County a certain place, to-wit, a house for the purpose of making or selling therein books or pools or *betting therein* on the result of a certain trotting race or running race on the same race track; fourth, for using a certain place there, to-wit, a house for the purposes aforesaid; and fifth, unlawfully did knowingly suffer such house to be used for the purposes aforesaid.

To these counts a general demurrer was interposed which was overruled by the Court. The appellant then waived his right to plead over, was convicted and from the judgment so entered against him this appeal has been taken. The main grounds of error assigned and relied upon by the appellant are: 1st. Because the information omits to negative the exception contained in the proviso of the statute.

2nd. Because the information did not allege the kind of race upon which the book or pool was sold or bet made, but charged the same in the alternative as being a trotting or running race, without specifically alleging the one or the other, and 3rd. Because of duplicity, in that each count charges several distinct offences.

In support of the first objection it is contended that the information is defective, because all the counts omit to negative the exception contained in the statute (Act of 1894, ch. 232), which provides that nothing in this section shall render it unlawful for any person to make a pool or a book or to bet within the grounds of any agricultural association or upon any horse race which shall be held within the same grounds within a limited period. But this objection we are of opinion cannot be sustained. The averment in each of the five counts of the information distinctly sets forth that the offence was committed in Anne Arundel County, while the race was at Sheepshead Bay race track, in the State of New York. The allegation that the race took place at a certain race track in the State of New York manifestly negatives the exception in the statute that the race was held within the grounds of an agricultural association within this State. Where a statute contains an exception so incorporated in its enacting clause that the one cannot be read without the other, the indictment or information must negative the exception. But when, after general words of prohibition, an exception is created in a subsequent clause or section, it must be interposed by the accused as matter of defense. But in this case the exception contained in the proviso of the statute is sufficiently negatived by the averment in the information itself.

The second and third objections made by the plaintiff in error to the information we however think are well taken. The Act of 1894, chapter 232, upon which this information is based, provides that it shall be unlawful for any person or persons or association of persons to *gamble* or make *books* and *pools* on the result of any *trotting race* or run-

ning race of horses, or *race of any kind*, or to establish,
keep, rent or use, or knowingly suffer to be used or occu-
pied, any house, building or portion of a building, vessel or
place, on land or water, for the purpose of making or selling
therein any book or pool or of otherwise betting therein or
thereon, upon the result of any trotting race or running race
of horses or race of any kind, except upon the grounds of
any agricultural association within a limited period in any
one calendar year.   Now, it is well established that certainty
to a reasonable extent is an essential requirement of criminal
pleading where conviction is followed by penal consequences
One of its objects is notice to the party of the nature of the
charge, so as to enable him to defend against a second
prosecution of the same crime by pleading a former acquittal
or conviction.   The certainty required in an indictment,
says Mr. Bishop in his work on Criminal Procedure, depends
often upon properly choosing between "and" and "or" as
the conjunction, and he lays down the rule that whenever
the conjunction "or" would leave it uncertain which of two
things is meant, it is inadmissible, and in its stead "and"
may be employed.   If a statute makes it a crime to do this
or that or that, mentioning several things disjunctively, all
may indeed, in general, be charged in a single count, but
it must use the conjunctive "and" where "or" occurs in the
statute, else it will be defective as being uncertain.   There-
fore an indictment upon a statute of this kind may allege in
a single count that the defendant did as many of the for-
bidden things as the pleader chooses, employing the con-
junction "and" where the statute has "or" and it will not
be double, and it will be established at the trial by proof of
any one of them.   *Bishop on Criminal Procedure*, sections
436-586 ; *Archbold's Crim. P. & P.*, vol. 1, 283, note 1 ;
*Wharton's Crim. P. & P.*, 161 ; *Chit. Crim. Law*, 231, and
cases there cited ; 10 *Amer. & Eng. Encly. of Law*, 599.

And in *Leath* v. *Commonwealth*, 32 Grattan, 873, the
Court of Appeals of Virginia in passing upon an indictment
upon a statute, a case somewhat similar to the one here,

says: "The Court pursues the language of the statute in describing the enumerated games or tables, except that it substitutes the conjunctive "and" for the disjunctive "or," and in so doing it charges really but one offence, to-wit, the keeping and exhibiting all the games or tables named at the same time and place, and such count is supported by proof of the keeping or exhibiting of any one of the games or tables mentioned." And in *Tierman's case*, 4 Gratt. 545, it was held that an indictment charging in conjunctive form an unlawful playing and betting, where the statute made it unlawful to play or bet, was not bad for duplicity. And the cases of *Rasnick* v. *Com.*, 2 Va. cases, 356; *Wingard* v. *State*, 13 Geo. 396; *Hinkle* v. *Com.*, 4 Dana, 518; *Ainsworth* v. *U. S.*, 1 Appeal Cas. D. C. 518, and numerous decisions in other States are to the same effect.

It seems to us, then, that the information in the case here is clearly defective for duplicity. In all of the five counts the alleged offence is charged disjunctively or in the alternative. The pleader could have inserted separate counts charging the several offences, and the party would have been convicted if warranted by the proof of either offence; or the conjunctive "and" could have been substituted for the disjunctive "or" where there was one offence, and as we have seen, the information would not have been bad for duplicity or repugnancy. But it is insisted upon the part of the appellee, that assuming the first and second counts to be defective, the offence of keeping or using, or suffering to be used, a house for the purposes prohibited by the statute, is sufficiently alleged in the third, fourth and fifth counts of the information. It will, however, be observed that the offence under the statute is for keeping a house for some one of the purposes mentioned therein, and all of these purposes are distinctly alleged in each count in the disjunctive or alternative. It is therefore sufficient to say that they are equally open to the same objection as applies to the first and second counts, for the reason heretofore assigned by us.

The demurrer will therefore be sustained, and the judg-

ment reversed. This reversal, however, does not relieve the party from further liability. He was not tried on a valid information and was not put in jeopardy. He can be re-arrested, and upon a new information can be tried again. *State* v. *Williams*, 5 Md. 82 ; *Hoffman* v. *State*, 20 Md. 425.

> *Judgment reversed and information quashed with costs.*

(Decided June 18th, 1895.)