(Decided May 13th, 1898).

---

## LOUIS KIEFER *vs.* THE STATE OF MARYLAND.

*Criminal Law—Sufficiency of Indictment—Negativing Exception in Statute—Unlawful Sale of Liquor—New Trial After Demurrer to Indictment—Constitutional Law.*

The Act of 1890, ch. 429, provides that in an indictment for the unlawful sale of liquor it shall not be necessary to specify the particular kind of liquor sold, but the defendant may obtain from the State's Attorney before trial a statement of the particular kind of liquor the prosecution expects to prove was sold by the traverser. *Held,* that an indictment charging the defendant with the sale of "intoxicating liquor" on Sunday, etc., is sufficient, and the above-mentioned Act is not unconstitutional either as depriving the traverser of his right to be informed of the accusation against him or as depriving him of his liberty without due process of law.

When the enacting clause of a penal statute contains an exception so incorporated in it that the one cannot be read without the other, an indictment for a violation of the statute must negative the exception; but if the exception is not contained in that clause, it is matter of defence and need not be negatived in the indictment.

Local Code, Art. 4, sec. 682, provides that no licensed liquor seller shall sell or furnish liquors on Sunday, except that if the licensee is an hotel keeper he may supply liquors to be drunk in their rooms or with their meals to *bona fide* guests. *Held,* that an indict-

ment charging that upon a certain Sunday the defendant, being then
and there under a license to sell, &c., liquors, did unlawfully furnish
intoxicating liquor contrary, etc., is defective in that it does not neg-
ative the exception in the enacting clause of the statute, and fails
to allege that the defendant was not an hotel keeper, or if an hotel
keeper, that the liquor was not supplied to be drunk in their rooms
or with their meals to *bona fide* guests.

Where the traverser was arrested under a writ issued after the pre-
sentment, but before the indictment was found, and a demurrer to
the indictment is subsequently sustained, he can be held on the pre-
sentment and another indictment found.

Appeal from the Criminal Court of Baltimore.

The cause was argued before McSHERRY, C. J., BRYAN,
FOWLER, BRISCOE, PAGE, BOYD and PEARCE, JJ. (May 11,
1898).

*Isaac Lobe Straus*, for the appellant.    The Court declined
to hear *Isidor Rayner* (with whom was *Wm. B. Rayner* on
the brief), also for the appellant.

*William C. Smith, Deputy State's Attorney for Baltimore
City* (with whom was *Harry M. Clabaugh, Attorney-General*,
on the brief), for the appellee.

BOYD, J., delivered the opinion of the Court.

The appellant was indicted under the local law of Balti-
more City, hereinafter stated, for furnishing intoxicating
liquor on Sunday.    There are four counts in the indictment,
but as they are substantially the same it will only be neces-
sary to state the charge as made in the first count.    It is
that the appellant on the 30th day of May, 1897, "be-
ing the Lord's day, commonly called Sunday, at the city
aforesaid, being then and there under a license from the
said State to sell, offer for sale and keep for sale in said
city, intoxicating liquors, unlawfully did furnish intoxicating
liquor to Conrad Miller, contrary," etc.    A demurrer was
interposed and being overruled the traverser was tried, con-
victed and sentenced to pay a fine and costs.    An appeal

was taken and the sufficiency of the indictment is the only question before us.

It is contended that the offence is not sufficiently described in the indictment because it does not allege the particular kind of intoxicating liquor that was furnished. But chapter 429 of the laws of 1890, provides that " in any indictment for the unlawful sale or disposition of spirituous or fermented liquors or lager beer, it shall not be necessary to specify the particular variety, provided the indictment sets forth an unlawful sale or disposition of intoxicating liquor, but the defendant on application to the State's Attorney before trial, may obtain a statement of the particular variety of liquor expected to be proved. " It is contended, however, that the statute is unconstitutional because it is contrary to the Declaration of Rights of this State and to the provisions of the 14th Amendment to the Constitution of the United States, inasmuch as it seeks to deprive the traverser of his constitutional right to be informed of the accusation against him, and he may thus be deprived of his liberty without due process of law. But the statute has made it a crime to sell or furnish " intoxicating liquors " on Sunday, excepting as hereinafter stated, and it cannot be said that he is not informed of the accusation against him when the indictment thus follows the very language of the statute. Whether or not that of itself, without the aid of the statute above quoted, would be sufficient need not be determined, as it gives the accused the right to obtain before trial a statement of the particular variety of liquor expected to be proven. He is thus informed of the kind of intoxicating liquor he is charged with furnishing. The practice thus authorized by the Legislature is not more calculated to work a hardship on him than that which has always been permitted, which enables the State's Attorney to include in the indictment as many counts as he may deem necessary to meet any uncertainty in the evidence thus embracing, it may be, every variety of intoxicating liquors, and we cannot understand how it can be said to be in violation of the constitutional provisions of this State or

of the United States. But as this Court has so recently sustained indictments for false pretences (the punishment for which may be confinement in the penitentiary), under the provisions of a statute of the same character (Art. 27, sec. 288 of the Code) we deem it unnecessary to discuss this branch of the case further. *Carnell* v. *State*, 85 Md. 1, and *Jules* v. *State*, 85 Md. 305.

If that were the only ground of error we would have no hesitation in affirming the judgment of the Court below, but another objection has been urged to the indictment which in our opinion has more merit. Chapter 343 of the laws of 1890 added a number of new sections to the Public Local Laws for Baltimore City under the sub-title " Liquor and Intoxicating Drinks," including section 653 P (now section 682 of the new charter of Baltimore), which is as follows : " No licensee under this Act shall sell or furnish to any person intoxicating liquors on any day upon which elections are now or hereafter may be required by law to be held, nor on the Lord's day, commonly called Sunday, except that if the licensee is a hotel keeper he may supply such liquors to be drunk in their rooms, or with their meals to *bona fide* guests, nor between the hours of twelve o'clock midnight and five o'clock, A. M. at any time, nor except in hotels, shall conduct his business in any place to which an entrance shall be allowed other than directly from a public traveled way ; provided," etc. Omitting the other offences, that with which we are now concerned would read as follows : " No licensee under this Act shall sell or furnish to any person intoxicating liquors * * * * * * on the Lord's day, commonly called Sunday, except that if the licensee is a hotel keeper he may supply such liquors to be drunk in their rooms or with their meals to *bona fide* guests." As will be seen above, the indictment simply described the traverser as being " under a license from said State to sell," etc., without alleging that he was not a hotel keeper or, if a hotel keeper, that the liquors alleged to have been furnished were not supplied " to be drunk in their rooms or with their meals to *bona fide* guests."

The question therefore presented for our consideration is whether it was necessary to negative, in the indictment, this exception in the statute. The general rule is that an exception in the enacting clause of a statute must be negatived in an indictment whilst one that is not in that clause need not be, but is merely a matter of defence. The rule as thus announced is, however, not strictly accurate, as applicable to all cases, and sometimes may be misleading. The real question to be determined is whether the exception is descriptive of the offence or so incorporated in the clause creating it as to make it a part of it. The exception may be of such a character as that the facts are only within the knowledge of the accused, and not such as the prosecuting officer or the grand jury can readily obtain. In such case the burden would generally be on him to establish them, even if the exceptions were negatived in the indictment, but on the other hand it is necessary that the accused be brought within the scope and meaning of the statute. The case of *Bode* v. *State*, 7 Gill, 362, is an illustration of the latter. The statute then before the Court declared that it should not be lawful for *any person* to sell or dispose of spirituous or fermented liquors or cordial of any kind on the Sabbath day, yet as it provided that, upon conviction of the second offence, the license of the person offending should be suppressed, and that in tavern licenses there should be inserted a clause excepting the Sabbath day from the operation of such licenses, it was held that the statute must be read as if it said " that it shall not be lawful for any person within this State being a licensed tavern keeper or licensed retailer to sell," etc.—they being the persons who were licensed to sell liquors—and the indictment was held bad because it did not on its face bring the accused within the meaning of the law, which did not apply to an importer who was not required to take out a license. The Court said " that it was incumbent on the State to bring the party charged within the purview of the statute, by a positive averment that he belonged to that class of persons who only were restrained from selling upon the Sabbath, against

whom alone the penalties and forfeitures provided by the act, in case of its violation, were intended to be denounced." It is true that the Court said that it was not a case where, after general prohibitory words, exceptions are carved out of the statute, either in its enacting clause or in its subsequent clauses, but it added that " if however the case could be treated as an exception in favor of a particular class of individuals, and analogized to the adjudications of the game laws, and similar statutes, the indictment must have negatived the exception, because the exception would necessarily be incorporated into the enacting clause, as descriptive of the persons who alone could be guilty of violating the law."

The most recent case in this Court where the general rule on this subject is stated, is that of *Stearns* v. *State*, 81 Md. 341, in which former cases were followed, and it was said that " where a statute contains an exception so incorporated in its enacting clause, that the one cannot be read without the other, the indictment or information must negative the exception, but when after general words of prohibition, an exception is created in a subsequent clause or section, it must be interposed by the accused as matter of defence." Applying that rule to this case it seems clear that the exception should have been negatived, for it is impossible to properly read the clause creating the offence of furnishing intoxicating liquors on Sunday, as enacted by this statute, without reading the exception. The prohibition does not include all licensees under all circumstances, but on the contrary it excepts in the very body of the clause creating the offence one of the classes expressly named and authorized by the statute to be licensed, when furnishing liquors as therein provided. If then the exception be omitted when the clause is read, a different and more comprehensive offence is created, because hotel keepers as well as other licensees would then be included within the general prohibition, and they would be prevented from furnishing liquors to *bona fide* guests in their rooms or with their meals, which the statute, as passed by the Legislature, does not prohibit. If the indictment had stated that the appel-

lant was a licensed hotel keeper manifestly it would have
been necessary to have alleged that he did not furnish the
liquor in the way and to the persons authorized by the
statute.   If he in point of fact had a license as a hotel
keeper and did comply with the law, it would be unjust to
put him to the expense, annoyance and mortification of a
criminal prosecution when he had not violated the law, es-
pecially as the grand jury knew, or could readily have as-
certained, whether he was a licensed hotel keeper and the
circumstances under which the liquors were furnished.   It
may be true that such facts of themselves cannot determine
a question of this kind, as the exception may be worded or
so situated with reference to the prohibitory clause as to
still make it wholly a matter of defence, but when the Leg-
islature has seen fit to so incorporate it in and bind it to
the enacting clause as is done here, it cannot be left out of
a charge made under the statute without requiring the
court having it under consideration to go outside of the in-
dictment to ascertain whether the accused is "a person
within the purview of the statute."   This section has a pro-
viso with reference to the hours during which sales can be
made, which is clearly a matter of defence, and it would
not be necessary to negative it in an indictment for the vio-
lating of that part of the law.   If the Legislature had in-
tended this exception to only have that effect it is but rea-
sonable to suppose it would also have been placed in the
proviso and not in the very heart of the law.

We have been referred by the attorneys for the appellant
to numerous authorities outside of this State, many of which
seem to be applicable to this case, but as this court and its
predecessors have so often passed upon similar questions,
we only deem it necessary to cite, in addition to the above
named, some of those cases, which in their reasoning fully
sustain our construction of this law.   See *State* v. *Nutwell*,
1 Gill, 554; *State* v. *Price*, 12 G. &. J. 260; *Kellenbeck* v.
*State*, 10 Md. 439; *Franklin* v. *State*, 12 Md. 249; *State*
v. *Barber*, 50 Md. 170.

It follows from what we have said that the demurrer

should have been sustained and the judgment must be reversed, but it does not follow that the traverser can thereby escape further prosecution if the facts justify it, for inasmuch as he has not been tried on a valid indictment he can be re-indicted and tried again. It appears from the record that the *capias* under which he was arrested was issued after the presentment, but before the indictment was found, and he can be held on the presentment, if it is deemed proper to have another indictment found. The case will therefore be remanded for further proceedings.

> *Judgment reversed and case remanded.*

(Decided May 25th, 1898).