## THE STATE OF MARYLAND *vs.* JAS. W. LONG.

*Sufficiency of Indictment for Illegal Sale of Fertilizer.*

The Act of 1894, ch. 397, directing licenses to be taken out for the sale of fertilizer, provides that every bag of fertilizer, if sold in bulk, must bear in legible print or be accompanied by a clear and true statement showing the net pounds of fertilizer in the package, etc., and a penalty is imposed for failure to comply with this provision. An indictment under the statute charged that the traverser unlawfully did sell fertilizer in bags not then and there bearing in legible print (and the same not being accompanied by) a clear and true statement showing, etc. *Held*, upon demurrer, that the indictment is defective in that it charges a sale of fertilizer in bags not bearing the required statement *and* not being accompanied by such statement, whereas, under the statute, it is sufficient if the statement be either shown in print on the bag *or* the bag be accompanied by such statement.

Appeal from a judgment of the Circuit Court for Frederick County (McSherry, C. J.)

The cause was argued before Fowler, Briscoe, Page, Boyd, Pearce, Schmucker and Jones, JJ.

*Isidor Rayner, Attorney-General,* and *Glenn H. Worthington, State's Attorney for Frederick County,* for the appellant submitted the case on their brief.

*Wm. P. Maulsby,* for the appellee.

Boyd, J., delivered the opinion of the Court.

The indictment in this case is for the alleged violation of sub-section (2) of sec. 2 of Art. 61 of the Code, as amended by the Act of 1894, ch. 397. Sub-section (1) provides for a license being taken out for the sale of fertilizer and the portion of the one involved in this case is as follows: " Every bag, barrel or package of fertilizer, and every parcel or lot, if sold in bulk, must bear in legible print, or be accompanied by a clear and true statement showing the net pounds of fertilizer

in the package or lot, the name, brand or trade-mark under which the fertilizer is sold," and other things therein mentioned. Section 3 fixes the penalty for the failure to comply with any of the conditions provided in sec. 2. The indictment contains three counts, which do not materially differ in the statement of the alleged violation of the statute. A demurrer to the indictment was sustained by the Court below and judgment entered thereon for the traverser. From that action of the Court, the State took this appeal.

The first count, a reference to which will point out the alleged defect, charges that the traverser was a dealer in and agent for the sale of fertilizer, and that he " unlawfully did sell * * fertilizer * * in bags and packages, to one, Frank Burrier * * every bag and package of fertilizer so sold to said Frank Burrier not then and there bearing in legible print (and the same not being accompanied by) a clear and true statement showing," etc. It will be observed that the language of the statute is that the bag, barrel, etc., "must bear in legible print, *or be accompanied by* a clear and true statement showing," etc.—that is to say, there must be one of those two requirements, either that the bag, etc , "must bear in legible print" or it must "be accompanied by " a clear and true statement, etc. The statute can, in that respect, be complied with in either of those two ways, while it is contended by the appellee that the indictment charges him with violating the statute by not complying with *both* methods. In other words, that it is alleged that the traverser is guilty, because the bags and packages did not bear in legible print *and* were not accompanied by the statement required by the statute. If that be the correct construction to place on the language of the indictment, then it is unquestionably defective for the obvious reason that the law does not require a compliance with *both* of those methods of furnishing statements, but *either* of them is sufficient. An indictment charging the traverser with failing to furnish the statement in one method should therefore negative the other, for it might be true that the bags and packages did not " bear in legible print" the statement required, yet if

they were "accompanied by" it, the law would be complied with. The indictment must "bring the accused within the meaning of the law." *Kiefer* v. *State*, 87 Md. 566.

A good deal of the brief filed on behalf of the State is devoted to the consideration of the effect of the use of a parenthesis is an indictment and cases are cited to show that important facts can be thus charged or stated. But whether or not it is good pleading to allege necessary facts by way of parenthesis is not the question, but it is the effect of the language so used. If we were only called upon to determine whether the use of brackets, or marks indicating a parenthesis, instead of commas or other punctuation, made the indictment defective, we would have no hesitation in answering in the negative, but if we leave out of consideration those marks and read the indictment as if they were not there, it would simply make the defect more apparent than it now is, if it made any difference. We cannot treat that language as surplusage, for if we did and rejected it altogether, then undoubtedly the indictment would be defective, because that provision would not be negatived, which is necessary, as decided in *Stearns* v. *State*, 81 Md. 341; *Kiefer* v. *State*, 87 Md. 562, and other cases in this State. And if we treat it, as we must do, as part of the indictment, the charge seems to be that the bags and packages did not bear in legible print *and were not accompanied by* a clear and true statement, while, as we have seen, either of those is sufficient, without the other. It is said on behalf of the State that the words in parenthesis were only intended to negative that provision, but the difficulty is that, from the way the indictment is drawn, it can fairly be said that the traverser is not accused of not complying with one or the other of those provisions, but is charged with violating the law, because he did not do one *and* the other, that is to say both. This is not a case where a party may be liable if he does either of several things prohibited, and hence cannot complain, because the indictment charges him with doing them all, but the statute excuses him if he does one, while the indictment charges that he did not do both. If the statute required that the bags, pack-

ages, etc., should bear in legible print, *and* also be accompanied by, the statement referred to, then the language used in this indictment would be sufficient. If the traverser went to trial on this indictment and proved that the bags and packages did bear in legible print the statement, that would not be an answer to the charge, *as made in the indictment*, because it was not shown that they were accompanied by the statement.

As intimated above, if the marks indicating the parenthesis be ignored it would seem to be clear that the traverser was indicted, because the bags and packages did not bear in legible print *and* were not accompanied by the statement. The authorities cited by the State on that subject are to the effect that punctuation may ordinarily be disregarded, but that does not relieve it of the difficulty.

To take the most favorable view of the indictment that the State can claim, it is at least ambiguous as to whether it was intended to hold the traverser liable, because he did not make the statement in both ways, or whether the parenthesis was simply intended to negative the one way. But it is not fair to an accused to have such an ambiguity in an indictment. The allegation of facts relied on to hold him guilty of violating the law should be made with reasonable certainty and not in such manner as is calculated to leave him and his counsel in doubt as to what is intended. In this indictment there is nothing to indicate that the traverser was guilty of violating this statute, excepting as to furnishing the statement, and that, to say the least of it, is so alleged as to make it ambiguous, while "certainty to a reasonable extent is an essential requirement of criminal pleading where conviction is followed by penal consequences." *Stearns* v. *State*, 81 Md. 345.

The other counts are likewise defective and the judgment below will be affirmed.

*Judgment affirmed, with costs to the appellee.*

(Decided March 6th, 1902.)