## STATE EX REL. SHATZER v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 24, October Term, 1948.]

*Decided March 9, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from refusal of a writ of habeas corpus. Petitioner is imprisoned under sentence of six years and nine months for burglary, house-breaking, larceny and receiving stolen goods. He had previously been sentenced for nine years for the same offenses, but had been released on habeas corpus, because

the court in which he had been convicted was without jurisdiction to try him upon a criminal information by reason of non-compliance with mandatory requirements of section 637 of Article 27 of the Code (1947 Supp.). He was then tried upon indictments, convicted and sentenced. He says his constitutional right has been violated by double jeopardy. The record contains no copies of docket entries, informations, indictments or proceedings at his trials.

The application is denied on Judge Bailey's opinion, which is as follows: "By order of this Court passed on October 20, 1948, in No. 2 Miscellaneous, September Term, 1948, the petitioner was released from the custody of the Warden of the Maryland House of Correction. This ruling was based upon the finding that the Circuit Court for Prince George's County was without jurisdiction to try him upon a criminal information because of a failure to comply with the mandatory provisions of Section 637, of Article 27, 1947 Cumulative Supplement of the Code. In the meantime he had been indicted by the Grand Jury of Prince George's County upon the same charges covered by the criminal information. Upon his return to Prince George's County he was tried upon the indictments, convicted and sentenced to the Maryland House of Correction

"The instant petition asks for his release because of former jeopardy. There are two reasons why the petition should be denied in this case. In the first place, the defense of former jeopardy should have been raised by plea at the time of trial. *Hochheimer's Criminal Law*, Second Edition, par. 121. Secondly, it has been held repeatedly in this state that when a traverser has been tried on an information that is invalid, he is not in jeopardy and that he may be indicted by the grand jury and tried again. *Basta v. State*, 133 Md. 568, 105 A. 773; *Stearns v. State*, 81 Md. 341, 346, 32 A. 282; *Hoffman v. State*, 20 Md. 425; *State v. Williams*, 5 Md. 82."

*Application denied, without costs.*