## JOHN DALMER BENTON *v.* STATE OF MARYLAND

[No. 252, Initial Term, 1967.]

648

*Decided August 17, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and O'DONNELL, J., Associate Judge of the Eighth Judicial Circuit, specially assigned.

*H. Thomas Sisk,* with whom was *M. Michael Cramer* on the brief, for appellant.

*Jon F. Oster, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellant, John Dalmer Benton, was indicted under a three count indictment charging him in the first count with burglary, in the second count with housebreaking and in the third count with larceny. He was tried on April 22, 1965, in the Circuit Court for Prince George's County before a jury. The State abandoned the second count and the jury returned a verdict of guilty as to the first count (burglary) and not guilty as to the third count (larceny). Appellant was sentenced on the burglary conviction to ten years in the House of Correction. Thereafter he noted an appeal to the Court of Appeals of Maryland.

Prior to a hearing on the merits of his appeal and on the basis of the decisions of the Court of Appeals in *Schowgurow v. State*, 240 Md. 121, 213 A. 2d 475 (1965); *State v. Madison*, 240 Md. 265, 213 A. 2d 880 (1965); *Smith v. State*, 240 Md. 464, 214 A. 2d 563 and *Hays and Wainwright v. State*, 240 Md. 482, 214 A. 2d 573 (1965), the case was remanded by order of the Court of Appeals to the lower court for the purpose of ascertaining whether the appellant desired to avail himself of the relief afforded by the aforesaid rulings handed down by that Court in those cases. Appellant elected to avail himself of such relief and have the indictment upon which he was originally tried declared invalid.

On June 3, 1965, appellant was reindicted under a similar three count indictment charging him with burglary, housebreaking, and larceny. Prior to trial appellant moved to dismiss the larceny count on the grounds of double jeopardy. The court denied the motion and on August 11, 1965 appellant was retried in the same court before a jury, Judge Roscoe H. Parker presiding. The State again abandoned the second count and the jury returned a verdict of guilty on the first count (burglary) and guilty on the third count (larceny). He was sentenced to fifteen years in the Maryland Penitentiary on the first count and five years in the Maryland Penitentiary on the third count, sentences to run concurrently. From his convictions and sentences he now appeals to this Court.

Appellant raises four contentions on this appeal: (1) that appellant was placed in double jeopardy when the trial court allowed the State to prosecute appellant on the larceny charge when he had previously been found to be not guilty of larceny;

(2) that appellant was prejudiced as a result of the larceny charge; (3) that the trial court abused its discretion by failing to grant a removal of the case to another jurisdiction; and (4) that the trial court should have instructed the jury in mandatory terms not to infer guilt from appellant's refusal to testify.

I

In support of his first contention appellant argues that the answer lies in the very language of the remand where the Court of Appeals said: "* * * appellant herein was indicted by an illegally constituted Grand Jury and/or was tried and convicted by a Petit Jury before our decisions in *Schowgurow, Madison, Smith, Hays* and *Wainwright* and that the appellant's conviction had not become final before our decision in *Schowgurow*." By the above language he contends that the court made specific reference to the fact that it was remanding only the conviction and not all of the charges under the indictment, and that obviously appellant was only appealing the charge that he was convicted of and the Appellate Court could remand no more than was before it.

The same contention was raised before this Court in *Sadler v. State,* 1 Md. App. 383 (1967). In the *Sadler* case the facts were quite similar to the facts here. There this Court said: "Assuming, without deciding, that the Appellants are correct in their assertion that the action of the lower court in the first trial amounted to judgments of acquittal on the charges of assault with intent to rape and assault, we are of the opinion that their second trial did not constitute placing them in double jeopardy." In arriving at this conclusion this Court relied upon the decision of the Court of Appeals of Maryland in *Tate v. State,* 236 Md. 312, 316 (1964) where the Court said:

> "It has been held repeatedly in this State that when a traverser has been tried on an indictment or information that is invalid, he is not in jeopardy and he may be indicted and tried again. *State ex rel. Shatzer v. Warden,* 192 Md. 728, 64 A. 2d 711; *Kenny v. State,* 121 Md. 120, 87 Atl. 1109; *Stearns v. State,* 81 Md. 341, 32 Atl. 282."

In *Sadler* this Court found that the appellants by their election to have the indictments involved in their first trial declared invalid under *Schowgurow, supra,* and *State v. Madison, supra,* brought their cases squarely within the rule set forth in *Tate v. State, supra.*

In *Smith v. State, supra,* the Court pointed out that the holding in *Schowgurow* and *Madison, supra,* "does not render the judicial proceeding based upon the indictment null and void but only gives the defendant the right, by timely action, to attack it." Here the appellant exercised his right, by timely action, to attack his indictment. His attack resulted in the indictment being held invalid which brings his case within the rule stated in *Tate.*

It is true that the Court of Appeals has held "that where there has been a regular trial on a valid indictment and a finding of not guilty of a specific offense, the accused cannot thereafter be tried again at the instigation of the State for the same offense." *State v. Barger,* 242 Md. 616, 625, 626, 220 A. 2d 304 (1966). But this rule is predicated upon a valid indictment. In the instant case the appellant's original indictment by his election was invalidated.

We, therefore, reaffirm our holding in *Sadler v. State, supra,* and find appellant's first contention to be without merit. See *United States v. Ewell,* 383 U. S. 116 and *United States v. Tateo,* 377 U. S. 463.

II

Since we find appellant's first contention to be without merit he could not have been prejudiced at his new trial as a result of the larceny charge, and we, therefore, find his second contention to be without merit.

III

Thirdly, appellant contends that the trial court abused its discretion by failing to grant a removal of the case to another jurisdiction.

Appellant contends that the complaining witness is a well known practicing lawyer in Prince George's County, and the situs of the crime, the home of the complaining witness, is used as a recreation and gathering place for prominent County resi-

dents. Appellant admits that while a criminal defendant has no absolute right to removal in a non-capital case, *Heslop v. State,* 202 Md. 123, 95 A. 2d 880 (1953), the court should grant a motion for removal where the defendant shows he may be tried in a prejudicial atmosphere.

"The question of whether a non-capital criminal case should be removed to another jurisdiction is one which rests within the trial court's discretion, Maryland Constitution, Art. IV, Sec. 8; Maryland Rules 542 a (1) and 738 (b) ; but the trial court's decision is reviewable on appeal for a determination of whether there has been abuse of discretion. *Downs v. State,* 111 Md. 241, 73 Atl. 893; *Piracci v. State,* 207 Md. 499, 509, 115 A. 2d 262; *Basiliko v. State,* 212 Md. 248, 129 A. 2d 375." *Seidman v. State,* 230 Md. 305, 324, 187 A. 2d 109 (1962).

We find no abuse of discretion by the trial court. Appellant did not meet his burden of persuasion with regard to his claim, for the accused must make an affirmative showing that he has been prejudiced by adverse publicity, and that the accused was not in a position to rely upon the *voir dire* examination for protection against a prejudiced juror. *Seidman v. State, supra,* and cases therein cited.

Here, as pointed out by the trial judge, there was no great publicity regarding the case, no prejudicial statements made in the paper, no inflammatory remarks made about the defendant in the County and there was no exercise of *voir dire* as to anybody knowing the prosecuting witness or whether he had ever acted as a lawyer. In fact, the Judge said Mr. West, the prosecuting witness, was primarily in the real estate business and he found no prejudice.

### IV

Appellant's fourth and final contention is that the trial court should have instructed the jury in mandatory terms not to infer guilt from appellant's refusal to testify. Article 15, Sec. 5, of the Maryland Constitution provides that "in all criminal cases the jury shall be the judges of law as well as fact, except that the court may pass upon the sufficiency of evidence to sustain conviction." The section's constitutionality, in the light of the Fourteenth Amendment to the Constitution of the United States, was exhaustively reviewed in *Slansky v. State,* 192 Md.

94, 63 A. 2d 599 (1948), and reaffirmed in *Giles v. State,* 229 Md. 370, 382, 183 A. 2d 359 (1961), a case that was subsequently dismissed by the United States Supreme Court in *Giles v. Maryland,* 372 U. S. 767 (1963).

Although the court's instruction was in an advisory capacity, he told the jury that they were not to attach any significance or inference of guilt from appellant's failure to take the witness stand because every individual has an absolute constitutional right not to testify, and no inference of guilt can be presumed because he chose not to take the stand. We find no error in the court's instruction in this regard.

For the above reasons, the judgment of the lower court will be affirmed.

*Judgment affirmed; costs to be paid by appellant.*