**UNITED STATES of America ex rel. Howard J. VIVIAN, Jr., Appellant,**

v.

**Saul BOOKBINDER, Warden Holmesburg Prison.**

**No. 17358.**

United States Court of Appeals Third Circuit.

Argued Oct. 25, 1968.

Decided Nov. 18, 1968.

Certiorari Denied March 10, 1969.

See 89 S.Ct. 1026.

Sam Polur, Polur & Polur, New York City, for appellant.

Roger Cox, Asst. Dist. Atty., Philadelphia, Pa. (Gordon Gelfond, Benjamin H. Levintow, Asst. Dist. Attys., James D. Crawford, Asst. Dist. Atty., Chief, Appeals Div., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., on the brief), for appellee.

Before HASTIE, Chief Judge, and SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from the denial of a petition for a writ of habeas corpus in the District Court below wherein appellant alleges violation of his federal constitutional rights at his state court sentencing. He argues that he was sub-

jected to double jeopardy,[1] contending that he was originally sentenced to a period of seven years' probation which was arbitrarily changed two weeks later to a ten-year jail term. Appellant has availed himself of the appropriate state post-conviction remedies, and the Supreme Court of Pennsylvania in Commonwealth v. Vivian, 426 Pa. 192, 231 A.2d 301 (1967) found that the alleged re-sentencing was merely a modification of the original order of probation.[2]

We do not deem it necessary to meet the basic argument advanced by appellant: whether the double jeopardy clause of the Fifth Amendment is applicable to the states through the Fourteenth Amendment.[3] An examination of the state court record convinces us that there was only one sentence pronounced in this case, following a release from custody pending the completion of an additional pre-sentence investigation for the benefit of the court.

On February 14, 1966, appellant appeared before the trial judge who stated:

"Now I will release him for two weeks. By the end of two weeks, I want a report (1) that he has a job, (2) a report from his employer as to what the job is, the hours, the pay, (3) a report from the psychiatrist who by then will have seen him and what he feels about this man and (4) a statement from Temple or Lincoln that he has enrolled and what courses and program he will take, and then I put him on probation for seven years."

The court, two probation officers, and defense counsel then discussed the specifics of a proposed plan of probation. The court lectured the defendant and concluded:

"All right, gentlemen, he is released for two weeks on the probation that I have stated. I will expect the report within two weeks."

The opinion of the Pennsylvania Supreme Court in Commonwealth v. Vivian, supra, at page 305 summarizes subsequent developments:

"On February 23, 1966, Vivian was again called before the court. In the interim the trial judge had received reports from a psychiatrist at the Director of the Forensic Psychiatric Clinic and Temple University, each of whom had examined Vivian after February 14th. Therein it was stated that an effective period of vocational training was needed if rehabilitation were to be accomplished, and probation was strongly opposed. After a consideration of these findings, the court then sentenced Vivian to imprisonment * * *."

In resorting to a full pre-sentence investigation, the court was following procedures in use in modern criminal courts.

■ It is generally the rule that before imposing sentence a court may inquire into matters relevant to determining the proper punishment to be imposed, 24B C.J.S. Criminal Law § 1983(2), and may receive and consider reports of psychiatrists who examined the accused, Commonwealth v. Elliott, 371 Pa. 70, 89 A.2d 782.[4]

1. The Fifth Amendment states: " * * * nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *."

2. The Court held that the Fifth Amendment double jeopardy clause was not available to the states through the Fourteenth Amendment. It also reiterated its traditional interpretation of the Pennsylvania Constitution, Article 1 § 10, P.S., ("No person shall, for the same offence, be twice put in jeopardy of life or limb") saying it was inapplicable for the reason that the plea of double jeopardy is available to the defendant only in a capital case.

3. A consideration of this issue is now before the Supreme Court of the United States. The Court has granted certiorari to review Benton v. Maryland, 1 Md.App. 647, 232 A.2d 541 (1967); and Pearse v. North Carolina, 397 F.2d 253 (4 Cir. 1968).

4. There appears to be some confusion in Pennsylvania whether placing a defendant on probation is a "sentence". The

We cannot accept appellant's argument that the court's pronouncement on February 14 constituted a formal order of probation for a period of seven years. The court carefully stated twice that defendant was being released for two weeks only, and because of the psychiatric history of the defendant[5] it is obvious that the court was placing great importance on the approval of the proposed probation plan by the physicians who were to examine him during the two-week period.

There is no record of any formal written order of seven years' probation being signed by the sentencing judge. The sole basis for the appellant's argument that such was ordered must come from an interpretation of the language used by the judge in his discussion in open court: "By the end of two weeks, I want (the reports) * * * and *then* I put him on probation for seven years." (Emphasis supplied.) This language is susceptible of only one reasonable interpretation: that if the reports from the continuing pre-sentence investigation proved favorable, and the trial judge was satisfied that his conditions were met, an order of a seven-year probation period was then to be entered.

The reports of the psychiatrists were unfavorable; the proposed probation plan was abandoned by the sentencing judge; and a jail sentence was imposed on February 23. The court's action on this date did not constitute a resentencing, nor was it a modification of any probation plan previously mandated and already in force. The sentence of February 23 was the one and only sentence entered by the court in this case. There being only one sentence, we do not have before us the consideration of any constitutional issue of double jeopardy.

The judgment of the District Court will be affirmed.

Superior Court has traditionally held "when a defendant is placed on probation, he is not sentenced". Commonwealth v. Vivian, 208 Pa.Super. 330, 222 A.2d 739 at 746 (1966), citing cases. When it had the same case, the Pennsylvania Supreme Court said "while an order placing a defendant on probation * * is not a judgment of sentence as that term is construed for the purposes of procedure, it does, in our view, constitute punishment for the purposes of determining the question of double jeopardy." Commonwealth v. Vivian, 426 Pa. 192, 231 A.2d 301 at 305. Justice Roberts has described the action of the state trial judge on February 14, 1966, as "a conditional probation, dependent upon the results of future psychiatric examinations." 231 A.2d 301 at 306.

Broadly speaking, the word "sentence", in legal parlance, may be said to denote the action of a court of criminal jurisdiction, formally declaring to the accused the legal consequences of the guilt which he has confessed or of which he has been convicted. 24 C.J.S. Criminal Law § 1556. The basic Pennsylvania statute relating to probation, however, is entitled "Probation by court in lieu of sentence", Act of August 6, 1941, P.L. 861, 61 P.S. § 331.25.

It is not necessary for us to base our decision on semantic differences between the words "probation" and "sentence". What was ordered by the trial judge on February 14 was, in the language of the court, "a release * * * for two weeks", and "he is released for two weeks". The use of pre-sentence investigation is common in Pennsylvania, and it has been held "in determining what the penalty shall be after convictions in criminal cases, courts have a wide latitude in considering facts, whether or not these facts are produced by witnesses whom the members of the court see and hear. In many jurisdictions courts in determining proper sentences consider official records and the report of probation officers, psychiatrists and others." Commonwealth v. Petrillo, 340 Pa. 33, 16 A.2d 50 at 58; Commonwealth ex rel. Lockhart v. Meyers, 193 Pa.Super. 531, 165 A.2d 400. What was done on February 14 was simply that which was described in Commonwealth v. Duff, 414 Pa. 471, 200 A.2d 773 as an exercise of "the power of the court to temporarily defer sentence for a reasonable period of time for pre-sentence investigation or other proper cause."

5. Defendant was on probation from a mental institution when he committed the crime which gave rise to the state proceedings.